**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEAMS VIBERT,<br>7022 Walnut St.<br>Upper Darby, PA 19082<br><br>Plaintiff,<br><br>v.<br><br>10400 ROOSEVELT OPERATING, LLC<br>d/b/a ST. JOHN NEUMANN CENTER<br>FOR REHABILITATION AND<br>HEALTHCARE,<br>10400 Roosevelt Blvd.<br>Philadelphia, PA 19116<br><br>Defendant. | CIVIL ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff Jeams Vibert ("Plaintiff"), by and through his undersigned counsel, brings this action against Defendant 10400 Roosevelt Operating, LLC d/b/a St. John Neumann Center for Rehabilitation and Healthcare ("Defendant") and avers as follows:

**INTRODUCTION**

1. Plaintiff brings this action to redress violations by Defendant of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, et seq.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §2601 et seq.), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful action, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under a law of the United States.

[1] Plaintiff's claims under the PHRA are referenced for notice purposes. He is required to wait one (1) full year before initiating a lawsuit pursuant to the PHRA from the date of dual-filing with the EEOC. Plaintiff will move to amend his instant lawsuit to include mirroring claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's future state-law claims because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a citizen of the Eastern District of Pennsylvania.

5. Plaintiff is in part proceeding herein in part under the ADA and for such claim has properly exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth in the caption.

8. Defendant is a for-profit corporation and a skilled nursing facility that offers short-term rehabilitation and long-term care. Defendant operates a facility at 10400 Roosevelt Boulevard, Philadelphia, PA 19116.

9. At all relevant times, Defendant acted through its officers, managers, supervisors, human-resources personnel, employees, and agents, who acted within the course and scope of their employment and for Defendant's benefit.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant on or about October 2, 2023, and worked for Defendant for over a year and a half, before he was unlawfully terminated by Defendant on or about April 18, 2025 (discussed further *infra*).

12. Throughout his tenure with Defendant, Plaintiff worked as the Maintenance Director, wherein Plaintiff was in charge of all facilities within Defendant, including any issues residents within Defendant had with its facilities.

13. In this role, Plaintiff was supervised by Peter Papas ("Papas") – Director, and Annie Varughese ("Varughese") – Administrator.

14. Throughout his entire employment with Defendant, Plaintiff performed his role in a dutiful and competent manner, as evidenced by his lack of disciplinary history and raises received due to his positive performance while employed with Defendant.

15. Unfortunately, Plaintiff has and continues to suffer from several ADA-qualifying disabilities stemming from a serious work-related injury he suffered on or about April 17, 2025.

16. Despite Plaintiff's disabilities, he was able to successfully perform his role with Defendant, but at times needed accommodations (discussed further *infra*).

17. Specifically, on or about April 17, 2025, Plaintiff suffered a serious work-related injury to his shoulder/elbow when he slipped and fell down a flight of stairs while working.

18. Although initially Plaintiff did not feel any pain, when he left work, he began to experience numbness in his entire arm to the point where he could not move his arm, and therefore, he decided to go to the hospital.

19. On the way to the hospital, Plaintiff called Varughese and informed her of his injury at work and that he was going to the hospital as a result.

20. In response, Varughese requested that following his release from the hospital, Plaintiff report to work to fill out an Incident Report.

21. At the hospital, Plaintiff was diagnosed with ADA-qualifying disabilities including an acromioclavicular separation with long-term effects and an olecranon fracture with long-term effects and was told (1) he needed to seek follow-up treatment from an orthopedic doctor, and (2) as a result of his injury, he needed to stay out of work until on or about April 28, 2025 (a reasonable accommodation under the ADA).

22. As a result of Plaintiff's diagnosed disabilities, several of his major life activities are affected to this day, including normal shoulder function and movement, normal mobility in arms, sleeping, and lifting.

23. While at the hospital on April 17, 2025, Plaintiff informed the hospital he was injured while at work, and as a result, the hospital reached out to Defendant for paperwork for Plaintiff to complete to report his injury.

24. On the same day, Plaintiff filled out Defendant's requested Incident Report with Defendant and further requested the accommodations of time off of work until April 28, 2025, or until he was cleared by a doctor, and for intermittent time off thereafter when he needed to see a doctor for appointments for his disabilities.

25. **Just one (1) day** following Plaintiff's accommodation requests and disclosure of his disabilities, Plaintiff received a phone call from Varughese, who terminated Plaintiff.

26. At no point in time leading up to his unlawful termination, while Plaintiff had been taking time off from work to care for and treat his aforesaid health conditions, did Defendant's management ever inform Plaintiff of his individualized FMLA rights, as required by the FMLA – or designated such future time off as FMLA-qualifying leave.

27. Therefore, Defendant failed to follow proper notice, designation, and informational regulations of the FMLA.

28. Based on the foregoing, Plaintiff believes and avers that he was terminated in violation of the ADA and FMLA.

**COUNT I**
**Violations of the Americans with Disabilities Act ("ADAAA")**
**([1]Actual/Perceived/Record of Disability Discrimination; [2] Failure to Accommodate; and [3] Retaliation)**

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities (set forth *supra*).

31. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times.

32. Defendant knew of Plaintiff's disabilities and limitations through his hospitalization, and request for accommodations.

33. Plaintiff requested reasonable accommodations by informing Varughese that he needed time off of work to treat and care for his disabilities.

34. Defendant ignored Plaintiff's request and failed to engage in a timely, good-faith interactive process to identify an effective reasonable accommodation.

35. Plaintiff further engaged in protected activity under the ADA prior to his termination, and Defendant knew of Plaintiff's protected activity.

36. Shortly after Plaintiff engaged in protected activity, Defendant terminated his employment.

37. There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions.

38. Plaintiff believes and therefore avers that his (1) known disabilities; (2) perceived disabilities; or (3) record of impairment was a motivating and/or determinative factor in Defendant's decision to terminate his employment.

39. Plaintiff also believes and therefore avers that Defendant terminated his employment in retaliation for engaging in protected activity, including requesting accommodations under the ADA.

40. As a result of the foregoing, Defendant's conduct constitutes unlawful discrimination, retaliation and failure to accommodate in violation of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation & Interference)**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

43. Plaintiff requested leave for medical reasons from Defendant, his employer, with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C. § 2611(2)(i).

44. Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

45. Defendant is engaged in an industry affecting commerce and employed at least fifty (50) or more employees within 75 miles of the location where Plaintiff worked for Defendant for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

46. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

47. Plaintiff suffered from serious health conditions within the meaning of the FMLA.

48. Plaintiff kept Defendant informed of his serious health conditions and need for leave as a result.

49. Plaintiff exercised his rights under the FMLA by requesting leave, including but not limited to time off for treatment, appointments, and management of his conditions.

50. Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) failing to inform Plaintiff of his individualized FMLA rights, which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (4) taking actions towards him which would deter a reasonable person in his position from taking FMLA-qualifying leave; and (5) terminating him to prevent him from taking FMLA-qualifying leave in the future.

51. Defendant's actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award the following relief:

A. Defendant is to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to

punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: October 30, 2026

**VERIFICATION**

The undersigned states that the facts in the foregoing Complaint and Jury Demand are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to criminal penalties relating to sworn and unsworn statements.

Dated: 10/30/2026

Jeams Vibert

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jeams Vibert | : | CIVIL ACTION |
| v. | : | |
| 10400 Roosevelt Operating, LLC d/b/a St. John Neumann Center for Rehabilitation and Healthcare | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 10/30/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:____________________ Judge:______________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):______________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

VIBERT, JEAMS

**(b)** County of Residence of First Listed Plaintiff: Delaware

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

10400 ROOSEVELT OPERATING, LLC D/B/A ST. JOHN NEUMANN CENTER FOR REHABILITATION AND HEALTHCARE

County of Residence of First Listed Defendant: Philadelphia

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE 10/30/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______